**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-1195

STAN SCHOLINDER,

Plaintiff, Appellant,

v.

FIRST NATIONAL DEFENDANTS,

Defendants.

_____

CAPITAL ONE DEFENDANTS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Torruella, Circuit Judge,
Cyr and Stahl, Senior Circuit Judges.

Stan Schuldiner on brief pro se.
Darrell Mook, Andrew P. Botti, John E. Matosky, and Donovan
Hatem LLP, on brief for appellees Capital One Defendants.

February 19, 2004

**Per Curiam**.  Pro se plaintiff-appellant Stan Schuldiner ("Schuldiner"),[1] an attorney, appeals from the grant of summary judgment in favor of defendants-appellees Capital One Services, Inc., Capital One Financial Corporation, Capital One Bank, Capital One FSB, Capital One, and People First, Inc. (the "Capital One Defendants").  We review summary judgment decisions de novo, examining the record independently and drawing any factual inferences in the light most favorable to the non-moving party. Rosenberg v. City of Everett, 328 F.3d 12, 17 (1st Cir. 2003). After carefully reviewing the parties' briefs and the record on appeal, we affirm the lower court's judgment.  We briefly address Schuldiner's claims of error.

Schuldiner argues that the district court erred in granting summary judgment for the defendants without first addressing whether the court had personal jurisdiction over all of them.  His contention is unavailing.  Having willingly chosen the forum, and not having asked the court below to pass first on the jurisdictional issue, Schuldiner cannot now be allowed to escape an adverse judgment by asserting rights belonging not to him but to his litigation adversaries. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 40 (1st Cir. 1991).

---

[1] The record contains at least three variations of the plaintiff's last name, which the plaintiff explained as typographical errors. We use the correct spelling.

Schuldiner next argues that the court erred in ruling that Capital One Bank's credit card solicitation constituted a permissible "firm offer of credit" under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). A "firm offer of credit" is defined as "any offer of credit . . . to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer . . . ." Id. § 1681a(l). The offer may be further conditioned on the consumer meeting additional requirements, including "specific criteria bearing on creditworthiness." Id. § 1681a(l)(1). The FCRA does not define or limit the criteria that may be used in making a "firm offer of credit," as long as the criteria are established "before selection of the consumer for the offer" and "for the purpose of determining whether to extend credit . . . pursuant to the offer." Id. § 1681a(l)(1)(A) & (B). Having reviewed the documents at issue, we agree with the district court that Capital One Bank's solicitation fell squarely within the definition of a "firm offer of credit" under the FCRA.

Schuldiner also argues that the court erred in finding that the conditional status of Capital One Bank's credit offer was conspicuous. The district court made no such ruling, as Schuldiner did not make this complaint against any Capital One Defendant in the court below. Rather, Schuldiner raised this claim against the

First National Defendants, which the district court considered and rejected. Schuldiner cannot assert this claim now against the Capital One Defendants. See United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997) (noting that arguments not raised in lower court cannot be advanced on appeal).

Schuldiner further argues that the court erred in finding that Capital One Bank's solicitation provided adequate notice under 15 U.S.C. § 1681m(d)(1)(D) of his right to prevent his credit information from being disclosed for an offer of credit unless initiated by him. Specifically, Schuldiner contends that, by providing contact information for only three out of the four national credit reporting agencies, Capital One Bank's "opt out" notice was defective. Schuldiner adds that the defendant's use of the phrase "your credit report" instead of the plural form "your credit reports" compounded the error. The district court correctly found that Capital One Bank's notice complied with the FCRA. Schuldiner provides no support for his contention that the term "your credit report" refers to a report from only one reporting agency. Also, Capital One Bank's statement complies with the Federal Trade Commission's model notice provision. See 16 C.F.R. Pt. 601, App. C (Prescribed Notice of User Responsibilities), Section V (Obligations of Users of "Prescreened" Lists).

Schuldiner's final argument is that the court erroneously denied as moot his motions to amend his complaint, without

-4-

considering whether the proposed amendments would survive a motion to dismiss.  The record belies his claim.  The district court considered, and ultimately rejected, Schuldiner's motions to amend his complaint.  We need not reach the issue of whether leave to amend should have been given, because Schuldiner has not presented any developed argument on that point.  See Bongiorno, 106 F.3d at 1034 (noting that issues raised in perfunctory manner are deemed waived).

The judgment of the district court is affirmed.  See 1st Cir. R. 27(c).